AMOS, Appellant,

v.

COHEN et al., Appellees.

[Cite as *Amos v. Cohen*, 156 Ohio App.3d 492, 2004-Ohio-1265.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030214.

Decided March 19, 2004.

Damon Law Office and Geoffrey Damon, for appellant.

Rendigs, Fry, Kiely & Dennis, LLP, Carolyn A. Taggart and Lynne M. Longtin, for appellees.

GORMAN, Judge.

{¶ 1} Plaintiff-appellant Billie Sue Amos appeals from the trial court's order granting the motion of the defendants-appellees, Lane N. Cohen and his law firm, Clements, Mahin & Cohen, LLP, to disqualify Geoffrey P. Damon as her counsel in the trial of her legal-malpractice claim against Cohen. In her single assignment of error, she contends that the trial court wrongly disqualified Damon after Cohen proposed to call him as a fact witness at trial. We hold that the trial court's written decision correctly applied DR 5–102(A) and that the court did not abuse its discretion when it ordered Damon's disqualification.

{¶ 2} On June 20, 1996, Amos suffered injuries when she slipped and fell on water in the bathroom at the Motel 6 in Sharonville, Ohio. The motel manager claimed that during the night, occupants on the floor above had plugged a shower drain, causing water to leak into the bathroom in Amos's room.

{¶ 3} A West Virginia attorney referred Amos to Cohen. He agreed to represent Amos and filed a complaint for damages on her behalf. In June 1999, however, he voluntarily dismissed her complaint without prejudice under Civ.R. 41(A). By a letter dated November 24, 1999, Cohen terminated the attorney-client relationship, stating, "I simply do not see a viable avenue toward showing liability." His recommendation was that, perhaps, the case should "settle for a nominal sum."

{¶ 4} After Amos refiled her complaint for personal injuries pro se within the one-year savings statute, R.C. 2305.19, Damon succeeded Cohen as her counsel. On November 16, 2000, Damon also filed a complaint for attorney malpractice against Cohen and his law firm. On April 18, 2001, while discovery was still in progress, Damon voluntarily dismissed Amos's malpractice action against Cohen under Civ.R. 41(A). On April 8, 2002, he refiled the malpractice action against Cohen.

{¶ 5} In her complaint for attorney malpractice, Amos alleged that Cohen's failure to conduct discovery and his decision to dismiss the action under Civ.R. 41(A) had resulted in the permanent loss of the responsible witnesses, documents, and evidence for use in her personal-injury action. As a consequence, she contended that the value of her claim for damages was reduced and that she was required to incur increased attorney fees and costs to achieve a settlement. Almost six months later, on October 1, 2002, Damon, with Amos's approval, settled her slip-and-fall case against the motel.

{¶ 6} Although the motion is not in the record, the parties agree that, on November 19, 2002, Cohen moved for Damon's disqualification in the malpractice action pursuant to DR 5–102(A).[1] Following a hearing on the motion, the trial court ordered Damon's disqualification "to avoid a potential violation of the Code of Professional Responsibility."

{¶ 7} An order disqualifying civil trial counsel is a final order that is immediately appealable pursuant to R.C. 2505.02. See *Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1, 688 N.E.2d 258. Because the roles of advocate and witness are inconsistent, it is generally inappropriate for a trial attorney to testify on behalf of the client. See *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 257, 31 OBR 459, 510 N.E.2d 379. DR 5–102(A) states that "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

{¶ 8} The justification for the advocate-witness rule appears in the Ethical Considerations, which are aspirational in character and represent those objectives toward which every attorney should strive. EC 5–9 states that "[a]n advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility." See *155 N. High Ltd. v. Cincinnati Ins. Co.* (1995), 72 Ohio St.3d 423, 426–427, 650 N.E.2d 869. "Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." EC 5–10. Unlike other rules, DR 5–102(A) makes no allowance for a waiver by the client of the rule against a lawyer serving in the dual rule of advocate and witness. The purpose of the rule is to protect the interests of the client and the adverse party, as well as the institutional integrity

---

1.  On January 21, 2003, Damon filed a motion to withdraw as counsel for Amos because of the "failure of the Plaintiff to cooperate with counsel." Damon withdrew the motion at the March 6, 2003 hearing.

of the legal system. See Ohio Bd. of Commrs. on Grievances and Discipline Ops. 2003–5, at 4–5; see, also, *155 N. High Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d at 427, 650 N.E.2d 869.

{¶ 9} When a trial attorney in a pending case requests permission to testify or is called to testify, the trial court has a corresponding duty to supervise attorney conduct and to prevent potential violations of the Code of Professional Conduct. See *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d at 259, 31 OBR 459, 510 N.E.2d 379. In *Mentor Lagoons*, the Supreme Court promulgated a two-step analysis in which the trial court must (1) without reference to DR 5–102(A), determine whether the attorney's testimony is admissible, and (2) if the testimony is admissible, decide whether the exceptions in DR 5–102(B)(1) through (4) apply. See id., 31 Ohio St.3d at 260, 510 N.E.2d 379. Absent an abuse of discretion, the trial court's rulings will be affirmed. See *155 N. High Ltd. v. Cincinnati Ins. Co.*, syllabus.

{¶ 10} In its thorough and well-reasoned memorandum decision in this case, the trial court applied the two-step *Mentor Lagoons* test. It concluded that Damon's testimony was admissible, as Damon had personal knowledge "concerning what evidence, if any, was lost due to Cohen's alleged negligence, what efforts were made to retrieve such evidence, what bearing such evidence would have on Plaintiff's case, whether Plaintiff was comparatively negligent, and how Mr. Cohen's alleged negligence may have impacted Plaintiff's ability to recover damages." The trial court observed that Amos and Damon did not object to the admissibility of his testimony. In applying the second step of the *Mentor Lagoons* analysis, the trial court held that Damon's testimony might potentially have been prejudicial to Amos on the issues of liability and damages and that "none of the exceptions in DR 5–101(B) apply."

{¶ 11} Damon argues that Cohen's motion was a bad-faith strategy to deprive Amos of her counsel of choice solely to gain a tactical advantage. The argument lacks merit, as once the trial court learned that Damon would be called to testify as a witness, it was incumbent upon the court to make an independent determination under DR 5–101(A). The trial court had this responsibility even if opposing counsel had not moved to disqualify Damon. See *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d at 259, 31 OBR 459, 510 N.E.2d 379.

{¶ 12} Amos and Damon also argue that Cohen's motion to disqualify Damon was not timely and that Cohen's failure to raise this issue in 2000, while the initial complaint for attorney malpractice was pending, is proof that Cohen was merely trying to gain a tactical advantage. Motions to disqualify counsel should be viewed with caution because of a party's right to counsel of his or her choice. See *155 N. High Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d at 429, 650

N.E.2d 869. The record, however, does not support their argument. When Amos voluntarily dismissed her initial attorney-malpractice complaint against Cohen on April 18, 2001, she had not responded to his request for discovery. It was not until she settled her underlying slip-and-fall claim on October 1, 2002, that Damon's testimony would have reasonably been deemed necessary.

{¶ 13} Amos maintains that the evidence sought from Damon was otherwise available from herself or from Motel 6. Her reliance on *Wasserman, Wasserman, Bryan & Landry v. Midwestern Indemn. Co.* (Nov. 21, 1986), 6th Dist. No. L–86–135, 1986 WL 13178; and *Sneary v. Baty* (Aug. 14, 1996), 3d Dist. No. 1–96–13, 1996 WL 479579, for the proposition that a motion to disqualify counsel is inappropriate if other witnesses are available to testify to the same matter is misplaced. In this case, the trial court's independent determination concerning the admissibility of Damon's testimony was predicated on necessity and the court's finding that his testimony was "relevant" and within his "personal knowledge of these matters." In *Wasserman,* a pre-*Mentor Lagoons* decision, the court found that the attorney's testimony was merely cumulative of other testimony. In *Sneary,* the court found that the attorney's remarks made in opening statement were inadmissible hearsay.

{¶ 14} Damon's zealous efforts to represent his client are commendable, but he could not serve as both advocate and witness in violation of the Code of Professional Responsibility. His testimony on behalf of Amos, as Cohen argues, was necessary to prove her claim with respect to liability and damages. Damon's identification of the lost witnesses and documents caused by Cohen's alleged failure to conduct discovery and his own efforts to locate them, his active part in the settlement negotiations of Amos's personal-injury case, and his evaluation of the settlement value because of Cohen's alleged negligence were all necessary to prove Amos's malpractice claim. These facts were known only to Damon and were not within the direct knowledge of either Amos or another source. His testimony, as the trial court correctly held, was, therefore, admissible and could have been prejudicial to his client's claim if Damon had to defend his own handling of her case.

{¶ 15} Amos and Damon next contend that DR 5–101(B)(4) would have allowed Damon to testify without violating the Code of Professional Responsibility. This exception states that a lawyer "may testify * * * [a]s to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case." The burden is on the attorney who invokes this exception to prove that his or her services in the case would work a substantial hardship on the client *and* that his or her services would provide a distinctive value. See *155 N. High Ltd. v. Cincinnati Ins. Co.,* syllabus.

{¶ 16} In opposition to Cohen's motion to disqualify Damon, Amos filed her own affidavit with the trial court, claiming substantial hardship because she had unsuccessfully "interviewed approximately fifty lawyers either in person or over the telephone." Because no attorney would represent her, she claimed, she was forced to refile her personal-injury complaint pro se. She asked the trial court to allow Damon to continue as her attorney because "I believe that there are very few attorneys who will take on an attorney malpractice case."

{¶ 17} Despite a party's right to representation by counsel of his or her choice, the phrase "substantial hardship on the client because of the distinctive value of the lawyer" in DR 5–101(B)(4) contemplates more than intimate familiarity with the case or the risk of added expenses. See *155 N. High Ltd. v. Cincinnati Ins. Co.*, syllabus. Rather, an attorney must show that he or she possesses some expertise in a specialized area such as patent law. See id., 72 Ohio St.3d at 429, 650 N.E.2d 869. Here, Amos did nothing to prove that Damon had expertise in a specialized area of the law. The malpractice claim alleged in the complaint was not complex or overly involved. Moreover, Amos maintains only that it would have been difficult to find an attorney to represent her in the malpractice case against Cohen. Her argument of financial hardship was insufficient to demonstrate the substantial hardship contemplated by the code. See *Pilot Corp. v. Abel*, 10th Dist. No. 01AP–1204, 2002-Ohio-2812, 2002 WL 1164114, at ¶ 30.

{¶ 18} The assignment of error is overruled. Accordingly, we hold that the trial court did not abuse its discretion when it disqualified Damon from representing Amos. The judgment of the trial court is affirmed.

Judgment affirmed.

WINKLER, P.J., and DOAN, J., concur.