OPINION
{¶ 1} Plaintiffs-appellants, Grant S. Hillman ("Grant"), and his parents, Steven E. Hillman ("Attorney Hillman") and Gail V. Hillman ("Mrs. Hillman"), appeal from the January 10, 2005 decision and entry of the Franklin County Court of Common Pleas, in which that court granted partial summary judgment in favor of defendants-appellees, Edward Kosnik, M.D. ("Dr. Kosnik"), and Neurological Associates, Inc., and ruled that Attorney Hillman is disqualified from further representation as counsel for Mrs. Hillman and for Grant.
 {¶ 2} This case involves claims of medical malpractice, lack of informed consent and fraud, in connection with medical care rendered to Grant by Dr. Kosnick while the doctor was employed by Neurological Associates, Inc. Appellees filed a motion seeking judgment as a matter of law as to all of appellants' claims. In their reply to appellants' memorandum contra, appellees argued that Attorney Hillman's affidavit submitted with the memorandum contra must be stricken or, in the alternative, Attorney Hillman must be disqualified as counsel for Mrs. Hillman and Grant.
 {¶ 3} The trial court granted appellees' motion for summary judgment as to the medical malpractice and informed consent claims, and denied the motion with respect to the claim of fraud. The court refused to strike Attorney Hillman's affidavit, but did rule that Attorney Hillman is disqualified from further representation of Mrs. Hillman and Grant in this case, pursuant to DR 5-102 of the Ohio Code of Professional Responsibility. This appeal followed.
 {¶ 4} Appellants advance three assignments of error for our review, as follows:
Assignment of Error One
The Trial Court erred by denying the right of Steven E. Hillman to appear as counsel in the trial of this case in the trial court.
Assignment of Error Two
The Trial Court erred by granting the motion of the Defendants/Appellees for Summary Judgment as to the issue of medical malpractice by requiring the use of an expert other that [sic] the Appellee.
Assignment of Error Three
The Trial Court erred by granting Summary Judgment thereby dismissing the action regarding lack of informed consent.
 {¶ 5} The relevant facts are as follows. On February 5, 1990, in the course of rendering medical treatment to Grant, who was a minor, Dr. Kosnik informed his parents, Attorney Hillman and Mrs. Hillman, that Grant had a brain tumor and that the tumor should be surgically removed. Dr. Kosnik performed the surgery on February 7, 1990.
 {¶ 6} Appellants claim that Dr. Kosnik was negligent in his care of Grant, both at the time of surgery and during follow-up care, and that such negligence is the proximate cause of damages suffered by Grant and his parents. They further claim that Dr. Kosnik performed the surgery on Grant's brain without the requisite informed consent from Attorney Hillman and Mrs. Hillman. Specifically, they claim that Dr. Kosnik failed to inform them of the material risks and dangers associated with Grant's surgery, and that Dr. Kosnik went so far as to represent to them that there were no risks or dangers associated with the surgery. Finally, they claim that statements Dr. Kosnik allegedly made before and after the surgery support a cause of action against him for fraud. Appellants' claims against Neurological Associates, Inc., are premised upon a theory of respondeat superior.
 {¶ 7} In their first assignment of error, appellants argue that the trial court erred in disqualifying Attorney Hillman from further representation of Grant and of Mrs. Hillman. We will not reverse the trial court's decision to disqualify Attorney Hillman absent an abuse of discretion. Pilot Corp. v. Abel, 10th Dist. No. 01AP-1204, 2002-Ohio-2812, at ¶ 23.
 {¶ 8} The trial court based its disqualification of Attorney Hillman upon DR 5-102 of the Ohio Code of Professional Responsibility, which provides:
(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.
 {¶ 9} DR 5-101(B)(1) through (4) sets forth four situations in which, pursuant to DR 5-102(A), a lawyer may continue to represent clients even after he or she learns that the attorney ought to be called as a witness on the clients' behalf. These situations are described as follows:
(1) If the testimony will relate solely to an uncontested matter.
(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the firm to the client.
(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case.
DR 5-101(B).
 {¶ 10} The First District Court of Appeals recently noted that, "[u]nlike other rules, DR 5-102(A) makes no allowance for a waiver by the client of the rule against a lawyer serving in the dual rule of advocate and witness. The purpose of the rule is to protect the interests of the client and the adverse party, as well as the institutional integrity of the legal system." Amos v. Cohen, 156 Ohio App.3d 492, 2004-Ohio-1265,806 N.E.2d 1014, at ¶ 8,
 {¶ 11} Appellants attached to their memorandum contra to appellees' motion for summary judgment the affidavit of Attorney Hillman. Therein, Attorney Hillman avers that Dr. Kosnik made affirmative preoperative statements regarding the lack of risks attendant to the surgery and the expected outcome of the surgery, and that he also made post-operative statements as to the actual outcome of the surgery. Attorney Hillman also describes various disabilities, pain and suffering that Grant has endured since the surgery. All of the foregoing allegations form the basis of appellants' claims.
 {¶ 12} It is clear from a reading of Attorney Hillman's affidavit that he ought to be, and in fact will be, called as a witness on behalf of Grant and Mrs. Hillman. Thus, pursuant to DR 5-102(A), he must withdraw from representation of them unless any of the circumstances enumerated in DR 5-101(B) are present. The record reveals, however, that none of those circumstances exist.
 {¶ 13} Attorney Hillman's testimony does not relate solely to an uncontested matter; rather, it goes to the heart of the allegations underlying appellants' causes of action, which are being vigorously contested. Attorney Hillman's testimony does not relate solely to a matter of formality and does not relate solely to the nature and value of his legal services rendered in this case. Finally, there is no evidence of record that this case involves issues with respect to which Attorney Hillman's services represent a distinctive value such that a substantial hardship would be worked upon Grant and Mrs. Hillman without his representation.
 {¶ 14} For these reasons, Attorney Hillman is required, pursuant to DR 5-102(A), to cease his professional participation in this litigation, on behalf of Mrs. Hillman and Grant,[1] and the trial court did not abuse its discretion in so ruling. Accordingly, appellants' first assignment of error is overruled.
 {¶ 15} In their second and third assignments of error, appellants argue that the trial court erred in granting judgment as a matter of law in favor of appellees on appellants' claims for medical malpractice and lack of informed consent. Because those portions of the judgment do not constitute final, appealable orders, we lack jurisdiction to review them and must therefore dismiss appellants' second and third assignments of error.
 {¶ 16} The question of whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87,541 N.E.2d 64; State ex rel. White v. Cuyahoga Co. Metropolitan HousingAuth. (1997), 79 Ohio St.3d 543, 544, 684 N.E.2d 72. Pursuant to Section3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts.
 {¶ 17} "* * * The entire concept of `final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Noble v. Colwell (1989), 44 Ohio St.3d 92, 94,540 N.E.2d 1381, quoting Lantsberry v. Tilley Lamp Co. (1971),27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel. Keith v.McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, at ¶ 4, citing Bell v. Horton (2001), 142 Ohio App.3d 694, 696,756 N.E.2d 1241. "A `final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States (1945), 324 U.S. 229, 233,65 S.Ct. 631, 89 L.Ed. 911.
 {¶ 18} Section 2505.02(B) of the Ohio Revised Code defines a final order, in pertinent part, as follows:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]
 {¶ 19} According to the language of R.C. 2505.02(B), in order to be final, the order granting and denying partial summary judgment in the present case must affect a substantial right and either determine the action and prevent a judgment, or be made in a special proceeding.
 {¶ 20} "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). It involves the notion of a legal right that will be enforced and protected by law. Noble, supra, at 94, citing North v. Smith (1906),73 Ohio St. 247, 249, 76 N.E. 619. Appellants' claims for medical malpractice and lack of informed consent clearly involve substantial rights. But unless the trial court's order affects these substantial rights, the order is not final. Burt v. Harris, 10th Dist. No. 03AP-194,2004-Ohio-756, at ¶ 12. An order that affects a substantial right has been perceived to be one that, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr.
(1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181; Burt, supra, at ¶ 12.
 {¶ 21} If we delay our review of appellants' medical malpractice and lack of informed consent claims until after appellants' action is fully adjudicated, appellants still have appropriate relief available to them in the future in the form of another appeal. Therefore, we conclude that the trial court's order granting appellees summary judgment on these claims is not a final order. See DeAscentis v. Margello, 10th Dist. No. 04AP-4, 2005-Ohio-1520, at ¶ 19.
 {¶ 22} Furthermore, the trial court's entry did not "determine the action and prevent a judgment" because judgment may still be rendered in favor of either side on appellants' claim for fraud. Finally, the judgment rendered below was not "made in a special proceeding." A "`special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Medical malpractice claims have long been recognized at common law. LaValley v. Riverside MethodistHosp. (Sept. 29, 1977), 10th Dist. No. 77AP-103. We thus conclude that this is an ordinary civil action and not a special proceeding.
 {¶ 23} For all of the foregoing reasons, appellants' second and third assignments of error must be dismissed for lack of a final, appealable order that would confer jurisdiction upon this court with respect thereto.
 {¶ 24} In summary, appellants' first assignment of error is overruled, their second and third assignments of error are dismissed for lack of subject matter jurisdiction, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BRYANT and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Because the trial court did not prohibit Attorney Hillman from representing himself with respect to his own personal claims, our judgment likewise does not affect Attorney Hillman's right to represent himself with respect to such claims.