JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, Jeffrey J. Weinsten and Salem Associates, Inc. ("Weinsten and Salem"), appeal from the decision of the Cuyahoga County Court of Common Pleas that disqualified their trial court counsel, Steven J. Miller ("Attorney Miller"), and his firm, Goodman Weiss Miller LLP ("the firm"), from further proceedings in this matter. For the reasons stated herein, we reverse and remand.
 {¶ 2} Plaintiff-appellee, A.B.B. Sanitec West, Inc. ("Sanitec"), filed the complaint in this matter seeking payment on a debt of $60,000 and foreclosure on the collateral used to secure the debt. Sanitec alleges in the complaint that it agreed to loan Weinsten and Salem $60,000 so they could retain counsel for their defense in a lawsuit in the U.S. District Court for the Northern District of Ohio ("the Ohio federal action"). Sanitec further alleges that Weinsten and Salem were in breach of the agreement because they failed to repay the loan or turn over the stock that was pledged as collateral pursuant to the terms of the agreement.
 {¶ 3} The agreement between the parties was attached to the complaint and is dated January 23, 2003. With respect to Attorney Miller and the firm's involvement, Sanitec alleges that Attorney Miller drafted the agreement. Further, pursuant to the agreement, Sanitec purportedly transferred the $60,000 amount to the firm. The agreement states that this money was transferred as a retainer deposit to fund the firm's representation of Weinsten and Salem and the amount constituted a loan to Weinsten and Salem. The agreement further provides that repayment is to *Page 4 
be made starting on the 15th day of the seventh month "after judgment is entered in trial." Other terms were also set forth in the agreement. The agreement was prepared on the firm's letterhead and was signed by Weinsten and a representative of Sanitec. Attorney Miller signed the agreement as counsel to Weinsten and Salem. Counsel for Sanitec also signed the agreement.
 {¶ 4} The claims against Weinsten and Salem in the Ohio federal action were voluntarily dismissed on February 3, 2003. The entire action was voluntarily dismissed on June 18, 2004. The parties to this action dispute, at a minimum, whether the agreement was limited to the representation in the Ohio federal action, whether the repayment obligation was triggered upon the voluntary dismissal of the Ohio federal action, and whether any amount is still owed.
 {¶ 5} After the complaint was filed, Weinsten and Salem filed a motion for extension of time to answer or otherwise respond to the complaint. The extension was requested "in part so that [Weinsten and Salem] can work on the selection of their counsel in this action." The motion was prepared and signed by Attorney Miller "for purposes of this motion only." Thereafter, an answer and counterclaim was filed in which Attorney Miller signed as counsel for Weinsten and Salem.
 {¶ 6} In response to Attorney Miller and the firm's continued representation of Weinsten and Salem in this matter, Sanitec filed a motion to disqualify defendants' counsel. Sanitec asserted that Attorney Miller was a necessary witness in the action. Sanitec argued that Weinsten and Salem's answer denied substantive *Page 5 
allegations of the complaint, including those that addressed the terms of the agreement, that claimed Attorney Miller drafted the agreement, and that stated Sanitec paid the $60,000 amount to the firm. Sanitec claimed that because Attorney Miller was involved in the negotiation of the agreement, he had knowledge of these disputed facts. Sanitec also asserted that there was a disputed term because Weinsten and Salem held the position that their obligation to repay Sanitec had not been triggered because the Ohio federal action had been dismissed when the agreement required that a "judgment" be entered.
 {¶ 7} Weinsten and Salem filed a brief in opposition, arguing that no valid ground existed for disqualifying Attorney Miller and the firm. Weinsten and Salem argued that they did not plan to call Attorney Miller to testify as a witness, that Attorney Miller's testimony would not be prejudicial to their client if he was called to testify by opposing counsel, and that Weinsten and Salem would be prejudiced by Attorney Miller's disqualification.[1]
 {¶ 8} The trial court held a non-evidentiary hearing on the motion for disqualification, at which oral arguments were presented. After considering the briefs that were submitted, the oral arguments that were presented, and the applicable law, the trial court determined that "defendants' attorney Steve Miller was significantly involved in the events giving rise to this matter and attorney Miller will in *Page 6 
all probability be a material fact witness in this matter."
 {¶ 9} Weinsten and Salem have appealed the trial court's ruling, raising one assignment of error for our review, which provides as follows:
 {¶ 10} "The trial court abused its discretion when ordering counsel for defendants-appellants disqualification based on a mere paper allegation that counsel for defendants-appellants was a `necessary' and `material' fact witness without applying the relevant considerations set forth in the Disciplinary Rules."[2]
 {¶ 11} In reviewing a trial court's decision to disqualify a party's counsel, we apply an abuse of discretion standard. 155 N. High Ltd. v.Cincinnati Ins. Co., 72 Ohio St.3d 423, 426, 1995-Ohio-85. An abuse of discretion implies that the trial court's attitude in reaching its decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Because the roles of advocate and witness are typically inconsistent, "it is generally inappropriate for a trial attorney to testify on behalf of [a] client." Amos v. Cohen, 156 Ohio App.3d 492,495, 2004-Ohio-1265. Nonetheless, courts have made clear that motions to disqualify counsel brought pursuant to the advocate-witness rule "should be viewed with disfavor because of their potential to interfere with a defendant's right to choose his own counsel and their `strong potential for abuse.'" United States v. Poulsen (2006), S.D. Ohio Case *Page 7 
No. CR2-06-129; see, also, Amos, 156 Ohio App.3d at 496. Therefore, courts considering disqualification of counsel must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice.Poulsen, supra.
 {¶ 13} Weinsten and Salem claim that disqualification of their counsel in this matter was improper. They argue that Sanitec failed to make any record showing the necessary facts in dispute or establishing Attorney Miller as a material fact witness. They further claim that disqualification is not warranted solely because a lawyer represented his client in relation to the formation of a contract. They argue that not only did the record fail to adequately establish grounds for disqualification, but also, the trial court failed to articulate the Disciplinary Rule upon which it found disqualification was warranted.
 {¶ 14} The relevant Disciplinary Rules in this case are DR 5-101(B) and DR 5-102(A) and (B). The rules provide as follows:
 DR 5-101(B). "A lawyer shall not accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or a lawyer in the firm ought to be called as a witness, except that the lawyer may undertake the employment and the lawyer or a lawyer in the firm may testify:
 (1) If the testimony will relate solely to an uncontested matter.
 (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
 (3) If the testimony will relate solely to the nature and value of legal *Page 8 
services rendered in the case by the lawyer or the firm to the client.
 (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case.
 DR 5-102(A). If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
 DR 5-102(B). If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."
 {¶ 15} DR 5-101(B) applies before employment is accepted by an attorney. The rule requires that the attorney not accept employment if it is clear the attorney will or ought to be called as a witness, unless one of the enumerated exceptions apply. DR 5-102(A) is similar, but applies to a situation in which a possible conflict arises after employment has been accepted. DR 5-102(A) requires the attorney to withdraw as counsel where it is apparent that the attorney will or ought to be called as a witness "on behalf of his client," absent a showing of one of the four exceptions under DR 5-101(B). DR 5-102(B), on the other hand, applies when an attorney may *Page 9 
be called as a witness "other than on behalf of his client," and permits the attorney to continue representation unless it is shown that his testimony may be prejudicial to his client.
 {¶ 16} Sanitec argues that Attorney Miller will or ought to be a fact witness in this case because he was involved in the negotiation and drafting of the agreement and has personal knowledge of the disputed facts. However, there is no evidence in the record establishing what "disputed facts" exist for which Attorney Miller is a necessary witness. Sanitec asserts that Weinsten and Salem denied the material allegations of the complaint, including that Miller drafted the agreement, that the $60,000 was paid to the firm, that requests for repayment were directed to Attorney Miller, and that Weinsten and Salem were in breach of the agreement and were in default of their payment obligations. They also claim that the parties dispute whether the repayment obligation has been triggered by the dismissal of the Ohio federal action and whether the agreement was limited to a particular matter or case.
 {¶ 17} We must recognize that the contract as written, speaks for itself. The agreement states the $60,000 was transferred to the firm, the agreement was drafted on the firm's letterhead, and the agreement was signed by Attorney Miller as counsel for Weinsten and Salem. Insofar as it is inferred that ambiguities exist as to the term "judgment is entered in trial," the trial court indicated that the docket of the Ohio federal action would speak to that issue. Further, although briefly mentioned in the trial court, no argument was presented or determination made as to whether the *Page 10 
parol evidence rule should be applied with respect to alleged ambiguities.
 {¶ 18} It is well accepted that disqualification of an attorney is a drastic measure which should not be imposed unless absolutely necessary.Kala v. Aluminum Smelting Refining Co., Inc., 81 Ohio St.3d 1, 6,1998-Ohio-439, citing Freeman v. Chicago Musical Instrument Co. (C.A.7, 1982), 689 F.2d 715, 721. Thus, it is important for a trial court to follow the proper procedure in determining whether disqualification is necessary.
 {¶ 19} In 155 North High, Ltd., 72 Ohio St.3d at 427-428, the Ohio Supreme Court reiterated the procedure for the trial court to follow in deciding whether an attorney can serve as both an advocate and a witness. First, the court must determine the admissibility of the attorney's testimony without reference to the Disciplinary Rules. Id. at 427. If the court finds the proposed testimony admissible, it must then "consider whether any exceptions to the Disciplinary Rules are applicable, thus permitting the attorney to testify and continue representation." Id., citing Mentor Lagoons, Inc. v. Rubin (1987),31 Ohio St.3d 256, paragraph two of the syllabus. In making these determinations, the court does not decide whether an attorney's testimony will violate a Disciplinary Rule, but rather prevents a potential violation of the Code of Professional Responsibility.Mentor Lagoons, 31 Ohio St.3d at paragraph two of the syllabus.
 {¶ 20} In this case, the trial court determined that disqualification was warranted because Attorney Miller "was significantly involved in the events giving *Page 11 
rise to this matter and attorney Miller will in all probability be a material fact witness in this matter." In making its determination, the trial court failed to follow the appropriate legal standard set forth by the Ohio Supreme Court.
 {¶ 21} There was no determination made by the court as to whether or not Attorney Miller's testimony would be admissible. If the expected testimony of the attorney would be inadmissible at trial, then there is no reason to disqualify the attorney.
 {¶ 22} Under DR 5-102(A) and DR 5-101(B), an attorney should be disqualified only if he "ought" to be called to testify to admissible matters. Even if Attorney Miller's testimony were determined relevant, pursuant to Evid. R. 403(A), evidence, although relevant, is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury, or by the needless presentation of cumulative evidence. In this case, there is a lack of evidence in the record from which the trial court could adequately determine the admissibility of Attorney Miller's testimony.
 {¶ 23} While Sanitec claims that Weinsten has impaired credibility and therefore Miller's testimony would not be cumulative, this would be a matter for the trial court to consider in determining admissibility. Also, while Weinsten and Miller state that they did not intend to call Attorney Miller to testify, DR 5-102(A) "makes no provision for client waiver of its application." 155 North High Ltd., 72 Ohio St.3d at 427. The analysis of whether an attorney "ought to testify" establishes an objective *Page 12 
standard. Libbey-Owens-Ford Co. v. Martin (Sept. 12, 1996), Franklin App. No. 96APE02-215. Nevertheless, it is not for the court to upset a party's choice of counsel when the facts do not clearly indicate that disqualification is necessary. See Morgan Engineering v. Cascade OilCo. (Nov. 11, 1982), N.D. Ohio Case No. C81-931A.[3]
 {¶ 24} In addition, nowhere in the record is there an indication that the court went on to consider whether the exceptions set forth in DR 5-102 are applicable. The trial court did not have before it sufficient evidence to determine that the exceptions to DR 5-101(B)(1)-(4) do not apply, including whether the testimony would ultimately relate solely to an uncontested matter or solely to a matter of formality.
 {¶ 25} Insofar as a substantial hardship is asserted, we point out that despite a party's right to representation by counsel of his or her choice, the phrase "substantial hardship on the client because of the distinctive value of the lawyer" in DR 5-101(B)(4) contemplates more than intimate familiarity with the case or the risk of added expenses. See 155 N. High Ltd., 72 Ohio St.3d 423, at syllabus. Rather, an attorney must show that he or she possesses some expertise in a specialized area. See Id. at 429. *Page 13 
 {¶ 26} With respect to DR 5-102(B), Sanitec claims that disqualification of Attorney Miller was warranted because Sanitec plans to call Miller as a witness and "to the extent that Miller's testimony would not benefit his clients, it is apparent that his testimony is or may be prejudicial." Here again, there is a lack of evidence in the record upon which a determination can be made that Attorney Miller's testimony would be prejudicial if called by the opposing party. InMorgan Engineering v. Cascade Oil Co. (Nov. 11, 1982), N.D. Ohio Case No. C81-931A, the court stated as follows: "The test under D.R. 5-102(B) is conjunctive. The party seeking disqualification must show that they will call the opposing counsel as a witness and that his testimony would be prejudicial to that attorney's client. The burden of showing prejudice is on the party seeking disqualification. Testimony is `prejudicial' if it would contradict the factual assertions otherwise made on behalf of the client." (Internal citation omitted.) In this case, no evidence, by affidavit or otherwise, was introduced to show what the testimony of Attorney Miller would be, let alone, whether the testimony would be prejudicial to Weinsten and Salem. Therefore, there is an absence of a sufficient evidentiary basis upon which a proper disqualification of counsel can be granted.
 {¶ 27} As a result of the trial court's failure to follow the required procedure for determining whether disqualification was necessary, the trial court abused its discretion when it disqualified Attorney Miller and the firm from further proceedings in this matter. Accordingly, the judgment of the trial court is reversed and the case is *Page 14 
remanded with instructions for the trial court to reinstate counsel pending a proper disqualification determination. See EnvironmentalNetwork Corp. v. TNT Rubbish Disposal, Inc. (2001), 141 Ohio App.3d 377
(remanding action to trial court for proper determination underMentor Lagoons' test).
 {¶ 28} On remand, the trial court must determine the admissibility of Attorney Miller's testimony and, if such admissibility does exist, determine whether any of the exceptions listed in DR 5-101(B)(1) through (4) are applicable, or whether the testimony will be prejudicial under DR 5-102(B), depending on which, if any, of the Disciplinary Rules are found to apply. In order to make this determination, it is incumbent upon the parties to submit sufficient evidence for the court to make the necessary determinations. By remanding, we do not imply that disqualification is not warranted, but that to disqualify counsel, the court must fulfill the required analysis.
Judgment reversed and remanded.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 15 
MELODY J. STEWART, J., and ANN DYKE, J., CONCUR
[1] Weinsten and Salem also filed a motion for judgment on the pleadings that was denied by the trial court.
[2] We note that an order granting a motion to disqualify counsel is a final appealable order. Ross v. Ross (1994), 94 Ohio App.3d 123,129.
[3] The Morgan court cautioned that "disqualification motions can be used as litigation tactics for the purposes of harassment and delay" and that "[s]uch tactics will not be tolerated." Id. *Page 1