OPINION
{¶ 1} Plaintiffs-appellants Mary E. Hillis (individually and as Co-trustee of the Humphrey Family Revocable Trust), and David A. Humphrey (individually and as Co-Trustee of the Humphrey Family Revocable Trust), Theresa R. Wollenberg, Justin M. Lally, Julie A. Bradley, Kevin L. Emmert and Susan C. Emmert appeal from the April 1, 2004, Judgment Entry of the Perry County Court of Common Pleas, Probate Division. Defendants-appellees are Rita Humphrey, Leo E. Humphrey and Roger Humphrey.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties are children or grandchildren of Catherine Humphrey. Catherine Humphrey died testate on December 18, 2001. The purported Last Will and Testament was dated March 9, 2000.
 {¶ 3} This appeal arises out of three actions filed by the plaintiffs-appellants. Generally, the first action is a Will contest (case number 02-1023-1). In that case, the plaintiffs alleged that the purported Last Will and Testament of Catherine Humphrey was not freely or voluntarily executed by Catherine but was procured by the fraud, undue influence, duress and restraint conducted by the defendants. The plaintiffs further alleged that Catherine lacked the necessary testamentary capacity to execute a valid Will, did not realize what she was signing due to her medical condition and the unlawful actions of the defendants and/or Catherine did not actually sign the purported Will. The second action is an action for declaratory judgment to recover lifetime transfers to the defendants allegedly taken from Catherine after she was disabled and unable to make such transfers (case number 021023-2). The third action is a declaratory judgment action requesting that the trial court issue an order to disburse funds, currently held in a trust created by plaintiffs known as the Humphrey Family Trust, to Catherine's Estate, (case number 021023-3). In that case, plaintiffs claimed that they sought to transfer assets held in the trust to the administrator of Catherine's Estate but could not because banks (named as defendants) would not release the funds without a court order. In addition, plaintiff-appellant Mary E. Hillis sought a determination of Trustee fees due to her, and plaintiff-appellant David L. Humphrey, who is an attorney, sought a determination of legal fees due to him.
 {¶ 4} In this third case, 021023-3, the defendants-appellees filed counterclaims. The first counterclaim was a demand for an accounting. In that claim, appellees sought compensatory damages, punitive damages and costs for the outrageous manner in which plaintiffs Hillis and Humphrey had acted against Catherine. In the second counterclaim, a breach of agency claim, appellees sought compensatory damages for Hillis and Humphrey's actions in regard to the Humphrey Family Trust. In the prayer of the counterclaim, appellees asked for an accounting for all funds the plaintiffs obtained, for termination of the trust and for compensatory damages, punitive damages and costs.
 {¶ 5} The trial court combined the three cases for trial. A trial was held November 24 through November 26, 2003. Upon review of the testimony, the trial court rendered a decision on April 1, 2004. The trial court held that the Last Will Testament of Catherine Humphrey dated March 9, 2000, as presented to the trial court, was a valid Last Will Testament. The trial court further found that there was no undue influence placed upon Catherine Humphrey to affect the Will and that Catherine Humphrey was competent to make that Will. Accordingly, the trial court ordered that the Administrator of Catherine Humphrey's Estate comply with the terms of that Last Will Testament.
 {¶ 6} The trial court also found that Catherine Humphrey had revoked the Humphrey Family Trust on January 17, 2000. The trial court ordered that all assets of that Trust and assets that were frozen by the defendant banks be made part of the Estate of Catherine Humphrey and disbursed in accordance with her Will. As to the transfer of assets by Catherine prior to her death, the trial court found that some assets had been legitimately transferred to Roger and Rita Humphrey. However, the trial court found that certain other assets must be returned to the Estate.[1]
 {¶ 7} It is from the April 1, 2004, Judgment Entry that appellants appeal, raising the following assignments of error:
 {¶ 8} "I. The trial court erred in finding the march 9, 2000 will valid as such finding is against the weight of the evidence.
 {¶ 9} "II. The trial court erred by grossly misstating the facts.
 {¶ 10} "III. The trial court erred in finding the deed and trust revocation dated january 17, 2000 to be valid.
 {¶ 11} "IV. The trial court erred in finding that the transfer of 3,412 shares of national city bank stock was valid.
 {¶ 12} "V. The trial court erred in not awarding the estate the funds taken for tuition.
 {¶ 13} "VI. The trial court erred in not awarding the estate the interest taken from accounts 1649192300 and 1652050407 held in trust at national city bank.
 {¶ 14} "VII. The trial court erred by not awarding the estate $1,956 taken by rita by forgery on may 28, 1999.
 {¶ 15} "VIII. The trial court erred in not awarding plaintiffs a complete accounting related to the earnings on all inter vivos transfers and survivorship accounts awarded to the estate."
 APPELLEE'S/CROSS-APPELLANTS ASSIGNMENT OF ERROR {¶ 16} "I. The trial court erred in requiring the defendants to pay any assets to the estate."
 {¶ 17} We have a duty to sua sponte consider whether the entry from which this appeal is taken constitutes a final appealable order.Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184,280 N.E.2d 922. For the following reasons, we find that the entry from which the appeal is taken is not a final order, and, therefore, this appeal must be dismissed.
 {¶ 18} The Ohio courts of appeal have jurisdiction to review only the final orders or judgments of inferior courts within their district. See Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order is one which meets the requirements of R.C. 2505.02 and Civ. R. 54(B). Chef Italiano Corp. v. Kent State University (1989),44 Ohio St.3d 86, 541 N.E.2d 64 at the syllabus. Thus, pursuant to R.C. 2505.02(B)(2), a final order is one which affects a substantial right and, in effect, determines the action, and prevents a judgment. The requirements of Civ. R. 54(B) are, in pertinent part, as follows:
 {¶ 19} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, . . ., the court may enter final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay."
 {¶ 20} A review of the record and the trial court's Judgment Entry reveals that the trial court failed to consider all the issues before it because it did not address the counterclaims. Specifically, the trial court's judgment below does not specifically resolve appellant's counterclaims for an accounting and damages for Hillis' and Humphrey's "outrageous" actions towards Catherine and the breach of agency claim for compensatory damages for Hillis' and Humphrey's actions in regard to the Humphrey Family Trust. Further, the trial court did not include Civ. R. 54(B) language. The failure to dispose of the unresolved counterclaims and the absence of an express determination by the trial court that there was "no just reason for delay" would appear to render the judgment neither final nor appealable.
 {¶ 21} However, the Ohio Supreme Court has held that Civ. R. 54(B) language is not required to make the judgment final and appealable where the effect of that judgment is to render the remaining claims moot.General Accident Ins. v. Ins. Co. of North America (1989),44 Ohio St.3d 17, 21, 540 N.E.2d 266; Noble v. Colwell (1989),44 Ohio St.3d 92, 96, 540 N.E.2d 1381. However, the judgment of the trial court does not render appellees' counterclaims moot. Thus, we hold that the judgment below was not "final" and this court does not have the proper jurisdiction to consider the merits herein. See Anderson v.Anderson (July 7, 1992), Hocking App. No. 91 CA 1.
 {¶ 22} Accordingly, based upon the foregoing reasons, we dismiss appellants' appeal.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed. Costs assessed to appellants.
[1] A list of the assets to be returned to the Estate was included in the trial court's Order.