DECISION
{¶ 1} Plaintiff-appellant, Vance Vandyke ("appellant"), appeals from the October 17, 2006 entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the City of Columbus, and Columbus Police Officer Michael Shannon (collectively "appellees").
 {¶ 2} On October 12, 2005, appellant filed a complaint asserting various causes of action and seeking compensatory damages from appellees based upon an automobile accident that occurred on October 13, 2005 between appellant and Officer Shannon. On *Page 2 
November 14, 2005, the City of Columbus filed an answer and counterclaim. Appellees moved for summary judgment on August 18, 2006. On September 27, 2006, the trial court rendered a decision granting appellees' motion for summary judgment finding that appellees were entitled to immunity pursuant to R.C. 2744.02(A) and 2744.03(A)(6), and that no genuine issues of material fact remained to be tried. A judgment entry reflecting said decision was filed on October 17, 2006. Neither the decision nor the judgment entry makes any reference to the counterclaim. While the judgment entry states that it is a "final entry," it does not include any language referenced in Civ.R. 54(B) pertaining to a determination that there is no just cause for delay.
 {¶ 3} On appeal, appellant raises two assignments of error for our review:
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING SUMMARY JUDGMENT TO THE CITY OF COLUMBUS.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING SUMMARY JUDGMENT TO OFFICER SHANNON.
 {¶ 4} In these assignments of error, appellant asserts it was error to grant summary judgment in favor of appellees when genuine issues of material fact exist regarding the applicability of R.C. 2744.02 and2744.03. We do not reach the merits of these assignments of error, however, because we lack jurisdiction to do so.
 {¶ 5} The question of whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court.Chef Italiano Corp. v. Kent State Univ. *Page 3 
(1989), 44 Ohio St.3d 86, 87. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts.
 {¶ 6} "* * * [T]he entire concept of `final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, quoting Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel.Keith v. McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, at ¶ 4, citingBell v. Horton (2001), 142 Ohio App.3d 694, 696.
 {¶ 7} To be final and appealable, an order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties, as does the order in the present case, must meet the finality requirements of R.C. 2505.02 and must properly contain the lower court's certification pursuant to Civ.R. 54(B).Noble, supra, at syllabus. R.C. 2505.02 defines a final order as, inter alia, an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C.2505.02(B)(1). Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order *Page 4 
or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 {¶ 8} In the case at bar, the trial court never entered judgment on the counterclaim asserted against appellant, nor did the trial court's judgment entry contain Civ.R. 54(B) language that there was no just cause for delay. Thus, the fact that the judgment entry states that it is a "final entry" is immaterial. See Shimko v. Lobe (Apr. 25, 2002), Franklin App. No. 01AP-1113. Without an express determination that there is no just cause for delay, any order, that adjudicates fewer than all the claims does not terminate the action. "Indeed the use of the language `no just reason for delay' in an entry is mandatory under Civ.R. 54(B) and unless such words appear in an entry, the order is subject to modification and is neither final nor appealable." Id., citing Bay W. Paper Corp. v. Schregardus (2000), 137 Ohio App.3d 685,689, citing Noble, supra. See, also, Bell v. Turner, Fourth Dist. No. 05CA10, 2006-Ohio-704; Dutch Maid Logistics, Inc. v. Acuity, Eighth Dist. No. 86600, 2006-Ohio-1077; Hillis v. Humphrey, Fifth Dist. No. 04-CA-06, 2005-Ohio-253.
 {¶ 9} Because appellee's counterclaims are still pending, and the trial court's judgment entry does not contain the "no just reason for delay" language of Civ.R. 54(B), *Page 5 
we are not presented with a final appealable order.[1] Accordingly, we lack jurisdiction to consider the appeal, and appellant's appeal must be dismissed.
 {¶ 10} For the foregoing reasons, appellant's appeal is dismissed.
Appeal dismissed.
BROWN and TYACK, JJ., concur.
[1] The Supreme Court of Ohio has held that Civ.R. 54(B) language is not required to make the judgment final and appealable where the effect of that judgment is to render the remaining claims moot. GeneralAccident Ins. v. Ins. Co. of North America (1989), 44 Ohio St.3d 17, 21;Noble, supra. We note that in this case the judgment of the trial court does not render appellee's counterclaims moot. *Page 1