[Cite as *Krlich v. Shelton*, 2016-Ohio-3292.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GARRICK G. KRLICH, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2016-T-0003** |
| MATTHEW P. SHELTON, et al., | : | |
| Defendants, | : | |
| MARY BETH FOLTZ, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2014 CV 02134.

Judgment: Appeal dismissed.

*Robert A. Henkin*, Henkin, Tatman & Henkin Attorneys at Law, 6 Central Square, Suite 905; and *Scott C. Essad*, 721 Boardman-Poland Road, Suite 201, Youngstown, OH 44512 (For Plaintiffs-Appellants).

*Michael D. Rossi*, Guarnieri & Seacrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482; and *James R. Wise*, P.O. Box 3388, Boardman, OH 44513 (For Defendants-Appellees).

TIMOTHY P. CANNON, J.

{¶1} Appellants, Garrick G. Krlich and Lucinda Krlich, appeal from the December 23, 2015 judgments of the Trumbull County Court of Common Pleas, which

granted summary judgment in favor of appellees. For the following reasons, the appeal is dismissed for lack of a final, appealable order.

{¶2} On November 26, 2014, appellants filed a complaint against appellees and multiple other defendants, alleging intentional infliction of emotional distress, defamation, trespass, and nuisance. On June 26, 2015, pursuant to Civ.R. 41(A), appellants filed a notice of voluntary dismissal of the complaint against the following twenty-five defendants: Adam Findley, Gary S. Wittenauer, Donna J. McCurdy, Melissa White, Christopher Doty, Annette Doty, Edward J. Morell, Rachel J. McMillen, Mike Parish, James Grega, Nancy Grega, Howard A. Wray, Raymond C. Hull, Mark W. Moore, Talor Stanchek, Barbara E. Phillips, Elizabeth Vecheren, Shane O'Dell, Michelle R. Mazzalla, Mark Preston, John Doe, Nancy Serafind, Peter S. Lucic, Carrie Rowan, and Maureen S. Cook.

{¶3} Twelve of the remaining fourteen defendants filed counterclaims against appellants: Mary Beth Foltz, Brian Stipetich, David Nicora, Brian Trinckers, Tracy Trinckers, Florence Bydos, Barbara Novotny, Adam Novotny, Timothy Novotny, Chad J. Smith, Samuel C. Freedy, and Patrick William ("appellees" herein). The counterclaims allege violations of Civ.R. 11 and R.C. 2323.51.[1]

{¶4} Matthew Shelton and Michael Shelton are the last two remaining defendants. Michael was never successfully served with the complaint and summons. Service as to Matthew was unsuccessful via certified mail, ordinary mail, and personal

---

1. A request for sanctions and attorney fees for frivolous conduct and abuse of process, in violation of R.C. 2323.51, may be made by motion or by counterclaim. *Craine v. ABM Servs.*, *Inc.*, 11th Dist. Portage No. 2011-P-0028, 2011-Ohio-5710, ¶10 (citations omitted).

2

service; appellants then completed service by publication on Matthew, pursuant to Civ.R. 4.4(A).

{¶5} Appellees filed the following motions for summary judgment on each of appellant's claims: (1) on March 23, 2015, a motion was filed on behalf of Appellees Foltz, Stipetich, Nicora, B. Trinckers, T. Trinckers, Bydos, B. Novotny, A. Novotny, and T. Novotny; (2) on October 23, 2015, a motion was filed on behalf of Appellees Smith, Freedy, and William. Both motions for summary judgment were granted in favor of appellees on December 23, 2015. On appeal from these entries, appellants assert it was error to grant summary judgment in favor of appellees because genuine issues of material fact remain to be litigated.

{¶6} Appellate courts are required to raise jurisdictional questions sua sponte. *Birmingham Assocs., LLC v. Strauss*, 11th Dist. Geauga No. 2012-G-3111, 2013-Ohio-4289, ¶11. Thus, though not raised by either party, we must first determine whether this court has jurisdiction to consider the merits of the appeal.

{¶7} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶8} "'[T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some

3

separate and distinct branch thereof.'" *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). "'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶9} For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *See Noble*, *supra*, at syllabus. A final order is defined as, inter alia, an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

When Civ.R. 54(B) language is necessary, an appellate court may not review an order disposing of fewer than all claims in the absence of such language. *Kopp v. Assoc. Estates Realty Corp.*, 10th Dist. Franklin No. 08AP-819, 2009-Ohio-2595, ¶10. *See also VanDyke v. City of Columbus*, 10th Dist. Franklin No. 06AP-1114, 2007-Ohio-2088; *Shimko v. Lobe*, 2002 Ohio App. LEXIS 1963 (10th Dist.2002).

**{¶10}** Here, the trial court has not entered judgment on the counterclaims asserted by appellees against appellants.[2] Also, there has been no disposition in the case regarding Defendant Matthew Shelton.[3] This is further evidenced by the motion for default judgment filed by appellants against Matthew on April 8, 2016, while this appeal was pending. Finally, the trial court's entries do not contain Civ.R. 54(B) language indicating "there is no just reason for delay." In fact, at the conclusion of both entries, the trial court states: "Case to proceed."

**{¶11}** For all of these reasons, the trial court's December 23, 2015 orders are not final and appealable. Accordingly, we lack jurisdiction to consider the appeal.

**{¶12}** Appeal dismissed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

---

2. This case does not present a situation where the effect of the December 23, 2015 judgments rendered moot the remaining counterclaims. *See, e.g., Shimko*, *supra*, at *8, citing *Gen. Acc. Ins.*, *supra*, at 21.

3. The action was never properly commenced against Defendant Michael Shelton as he did not receive service of the complaint and summons within one year from the filing of the complaint. *See* Civ.R. 3(A). As a result, the fact that the claims against Michael were not disposed of by the trial court does not affect the appealability of the trial court's December 23, 2015 orders. *See, e.g., Blanton v. Alley*, 4th Dist. Pike No. 02CA685, 2003-Ohio-2594, ¶29 (collecting cases).

5