BELL, Appellant,

v.

HORTON et al., Appellees.

[Cite as *Bell v. Horton* (2001), 142 Ohio App.3d 694.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 99CA2530.

Decided April 27, 2001.

*Jon C. Hapner,* for appellant.

*James Mann,* for appellees.

*Per Curiam.*

On December 14, 1999, appellant filed a notice of appeal from the November 16, 1999 judgment granting the motion of appellees Charlotte Horton, Tim Horton, Dennis Dennewitz, and Kathy Dennewitz for summary judgment and dismissing the action. Appellees contend that the November 16 judgment did not resolve all of the claims of all of the parties; thus, it is not a final appealable order. We have considered the memoranda filed by the parties regarding the jurisdictional issue.

■ Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, 1362, at fn. 2; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter.

R.C. 2505.02(B) states:

"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy * * *."

The definition of a final order that applies to the November 16 judgment is R.C. 2505.02(B)(1): "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

The record reflects that the defendants Park and Metcalf were dismissed from the case in the trial court on January 10, 1995, and June 30, 1995, respectively. Appellant appealed each of these two judgments. As a result of these appeals, both the Parks and Metcalf judgments were remanded to the trial court. See *Bell v. Horton* (1995), 107 Ohio App.3d 824, 669 N.E.2d 546; *Bell v. Horton* (Aug. 22, 1996), Ross App. No. 95CA2129, 1996 WL 494071.[1]

---

1. Metcalf filed a bankruptcy petition on September 18, 1996. A bankruptcy discharge was granted in that case on January 30, 1997.

The November 16 entry notes that the only defendants remaining in the case are the Hortons and the Dennewitzes.[2] The record reflects that the trial court did not take any action on the remanded cases of Metcalf and the Parks; therefore, the appellant's claims against these three parties remain unresolved. Appellant has filed a motion to dismiss Metcalf as a party to this appeal. However, our decision in this appeal renders this motion moot. Thus, the motion to dismiss Almeda Dennice Metcalf, a.k.a. Amy Metcalf, is denied.

Counts four and five of appellant's complaint allege that the Parks acted in concert at various times with the Dennewitzes and the Hortons with malice and with intent to harm appellant. It appears that the claims against the Parks, the Dennewitzes, and the Hortons are inextricably entwined. Thus, the unresolved claims against the Parks leave the entire claims in counts four and five unresolved.

A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. In the case *sub judice*, for unknown reasons, the trial court did not address the issues in the Parks's case upon remand from this court. Counts four and five of the complaint allege that the Parks, the Hortons, and the Dennewitzes, acted in concert in varying degrees to harm appellant; thus, the unresolved claims against the Parks leave these same claims unresolved insofar as they involve the Hortons and the Dennewitzes.

Accordingly, we find that the November 16, 1999 judgment is not final or appealable; thus, this court does not have jurisdiction to consider the merits of the appeal.

*Appeal dismissed.*

PETER B. ABELE, P.J., KLINE and HARSHA, JJ., concur.

---

2. All of the defendants, other than the Hortons and the Dennewitzes, were dismissed over the course of the proceedings in the trial court. Appellant appealed only the dismissals of Metcalf, the Parks, the Hortons, and the Dennewitzes.