THE STATE EX REL. KEITH, APPELLANT, *v.* McMONAGLE,
JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Keith v. McMonagle,*
103 Ohio St.3d 430, 2004-Ohio-5580.]

(No. 2004–0898—Submitted September 15, 2004—Decided November 3, 2004.)

## Per Curiam.

{¶ 1} On December 18, 2003, appellant, Jeffrey C. Keith, an inmate at Lorain Correctional Institution, filed a petition in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, Cuyahoga County Common Pleas Court Judge Richard McMonagle, to rule on certain motions filed by Keith. Judge McMonagle moved for summary judgment on the basis that the underlying common pleas court cases had been assigned to Judge Daniel Gaul and Judge Joseph Cirigliano instead of him.

{¶ 2} On May 18, 2004, the court of appeals issued an entry finding that Judge McMonagle was not the assigned judge in the underlying cases and that Judge Gaul and Judge Cirigliano were the properly assigned judges. The court of appeals sua sponte added Judge Gaul and Judge Cirigliano as respondents and "invited [the prosecuting attorney] to submit another motion for summary judgment, demonstrating that the subject motions have been resolved by the proper judges."

{¶ 3} On appeal, we must determine whether we have jurisdiction to address the merits. Appeals as a matter of right may be taken to the Supreme Court in cases originating in courts of appeals, including actions involving extraordinary writs. Section 2(B)(2)(a)(i), Article IV, Ohio Constitution. R.C. 2505.03 restricts the appellate jurisdiction of this court to the review of final orders, judgments, or decrees. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728. R.C. 2505.02 defines a final order for purposes of appeal.

{¶ 4} The May 18, 2004 entry appealed by Keith is not a final, appealable order. This entry does not determine Keith's mandamus claim or prevent a judgment. R.C. 2505.02(B)(1). "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241; *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 89, 541 N.E.2d 64 ("since the September 4 order did not determine Chef Italiano's claim and prevent it from obtaining a judgment against Testa, it is not a final, appealable order pursuant to R.C. 2505.02 regardless of the presence of Civ.R. 54[B] language").

{¶ 5} Moreover, the court of appeals' May 18 order was not made in a special proceeding, because mandamus claims were recognized at common law. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 545, 684 N.E.2d 72; R.C. 2505.02(B)(2).

{¶ 6} Finally, although in its May 18 entry, the court of appeals agreed that Judge McMonagle was not a proper respondent, it did not dismiss him from the case and make an express determination that there was no just reason for delay under Civ.R. 54(B). Cf. *State ex rel. A & D Ltd. Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 56, 671 N.E.2d 13 ("An order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54[B] in order to be final and appealable").

{¶ 7} Therefore, we lack jurisdiction to consider the merits of Keith's appeal because the court of appeals' entry sua sponte adding two judges as respondents is not a final appealable order. Accordingly, we dismiss this appeal. By so holding, we need not consider the merits of Keith's motion for default judgment.

Appeal dismissed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., not participating.

———

Jeffrey C. Keith, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kerry A. Sowul, Assistant Prosecuting Attorney, for appellee.