OPINION
Defendant-appellant Sally Fogt (hereinafter "Sally") and defendant-appellant Daniel Fogt (hereinafter "Daniel") appeal the judgment of the Shelby County Court of Common Pleas, finding them liable to appellee, Deere Company (hereinafter "John Deere"), in the amount of $51,170.94.
Daniel and Sally were married in 1960 and began doing business as a dealer of John Deere equipment in approximately 1969. The business was incorporated in 1982 under the name of Fogt's Lawn Garden, Inc. (hereinafter "FLG"). At that time, John Deere required Daniel and Sally to personally guarantee the obligations of the corporation. Both parties executed written guarantees on April 21, 1982.
In 1993, FLG executed two new dealer agreements with John Deere. One of the dealer agreements authorized FLG to be a dealer of John Deere lawn and garden equipment and the other authorized FLG to be a dealer of John Deere commercial products.
In July 1997, a Decree of Divorce terminated the marriage of Daniel and Sally. Pursuant to the decree, Daniel was ordered to assume and pay the remaining unpaid balances on "all corporate promissory notes which have been guaranteed personally by [Sally] * * * Said notes and mortgages are held by Star Bank." Daniel was further ordered to indemnify and hold harmless Sally from any expense, loss, claim or liability whatsoever arising from or in any way connected with said notes and mortgages."
On March 2, 2004, John Deere filed a complaint for money damages against FLG, Daniel and Sally. The parties stipulated that a liquidated debt of $51,170.94 was owed by FLG to John Deere. John Deere's claim against FLG was premised on breach of contract and the claims against Daniel and Sally were premised on the guarantees executed in 1982.
Sally filed an answer to John Deere's complaint denying liability and a cross-claim seeking indemnification from Daniel and from FLG in the event judgment was rendered against her. Daniel filed an answer to John Deere's complaint denying liability and filed a counterclaim seeking money damages.
Following a bench trial on October 1, 2004, the trial court determined that the guarantees executed by Daniel and Sally in 1982 were never revoked and remained in full force and effect even after the dealer agreements were entered into in 1993. The trial court further found that Daniel and Sally's divorce decree requiring Daniel to hold harmless Sally from "any expense, loss, claim or liability whatsoever arising from or in any way connected with said notes and mortgages" did not apply to the debts or obligations in regard to John Deere and, therefore, Sally was not entitled to indemnification from Daniel.
The trial court did not make a determination, however, on Sally's cross-claim that she was entitled to indemnification from FLG. The trial court subsequently entered judgment in favor of John Deere, finding FLG, Daniel and Sally liable to the company for the sum of $51,170.94.
It is from this decision that Daniel and Sally now appeal. Sally sets forth three assignments of error and Daniel sets forth two assignments of error for our review.
 SALLY'S ASSIGNMENT OF ERROR NO. I The trial court erred in rendering judgment against Defendant-appellantSally Fogt in favor of Plaintiff-appellee based on a written guaranteeexecuted in 1982 under the facts of this case.
 SALLY'S ASSIGNMENT OF ERROR NO. II The trial court erred in failing to render judgment in favor ofDefendant-appellant Sally Fogt on her indemnification cross-claim againstDefendant-appellee Fogt's Lawn Garden, Inc.
 SALLY'S ASSIGNMENT OF ERROR NO. III The trial court erred in failing to render judgment in favor ofDefendant-appellant Sally Fogt on her indemnification cross-claim againstDefendant-appellant Daniel Fogt.
 DANIEL'S ASSIGNMENT OF ERROR NO. I The trial court erred when it held that the 1993 dealer agreementsbetween John Deere Company and Fogt's Lawn Garden, Inc. was [sic] nota material alteration of the relationship between John Deere Company andFogt's Lawn Garden, Inc., so as to terminate the personal guarantyexecuted by Daniel Fogt in 1982.
 DANIEL'S ASSIGNMENT OF ERROR NO. II The trial court erred when it held that the 1993 dealer agreements werenot new contracts between Fogt's Lawn Garden, Inc. and John DeereCompany, so as to terminate the personal guaranty executed by Daniel Fogtin 1982.
Before reaching the merits of these assignments of error, this court must determine whether it has jurisdiction to hear this appeal. Section3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. The question of whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87.
Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court's jurisdiction is limited to the review of final orders of lower courts. A final order is one that disposes of the whole case or some separate and distinct branch thereof. Id. at 94, citing Lantsberryv. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel. Keith v.McMonagle, 103 Ohio St.3d 430; 2004-Ohio-5580, at ¶ 4, citing Bell v.Horton (2001), 142 Ohio App.3d 694, 696.
The judgment entry in the present case did not determine Sally's cross-claim that, in the event of a judgment against her, she was entitled to indemnification from FLG. As this issue was left unresolved, we must conclude that the judgment entry is not a final, appealable order. Accordingly, this court is without jurisdiction to consider the merits of any of the assignments of error raised in this appeal at this time.
Thus, we are required to dismiss the appeals of Sally and Daniel for lack of jurisdiction.
Appeals dismissed.
 Bryant and Rogers, JJ., concur.