OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant the State of Ohio ("State") appeals from the December 28, 2006 Judgment Entry of the Court of Common Pleas, Defiance County, Ohio, finding Defendant-Appellee James A. Smith's ("Smith") motion to dismiss/motion to bifurcate well taken and ordering that the State elect to proceed under either Count one or Count two of the indictment and ordering that the other Count shall be dismissed.
 {¶ 3} On October 6, 2006 a Defiance County Grand Jury indicted Smith for two counts of Operating a Vehicle While Under the Influence ("OVI"), in violation of Ohio Revised Code section 4511.19(A)(1) related to a September 1, 2005 arrest.[1] Count one of the indictment stated that "[o]n or about September 1, 2005. . .Smith operated a vehicle while under the influence of alcohol . . . having previously been convicted of or pleaded guilty to a violation of R.C. 4511.19(A), under circumstances in which the violation was a felony, to-wit: Defiance County Common Pleas Court Case No. 98-CR-07406 on 01/25/99, regardless of when the *Page 3 
prior conviction or guilty plea occurred . . ." and therefore Count one was a felony of the third degree. Count two of the indictment stated that "[o]n or about September 1, 2005. . .Smith operated a vehicle while under the influence of alcohol . . . having been convicted of five or more violations of R.C. 4511.19 within 20 years of the offense . . ."[2] and therefore Count two was a felony of the fourth degree.
 {¶ 4} On October 19, 2006 Smith appeared for his arraignment and entered a plea of not guilty to both counts of the indictment. On October 20, 2006 Smith filed a motion to adopt motion to suppress, evidence and findings. Specifically, Smith requested that the court adopt, as if filed in this case, the motion to suppress he filed in Defiance County Court case no. 05-CR-09366 as well as the evidence presented at the May 24, 2006 hearing and the court's findings on that date. The trial court granted Smith's motion and ordered that the motion to suppress, evidence and previous findings of the court in case no. 05-CR-09366 "are adopted in this case as if they had been originally presented in this case."[3] *Page 4 
 {¶ 5} On November 14, 2006 Smith filed a motion to dismiss/motion to bifurcate and moved to dismiss Count two of the indictment. Alternatively, Smith requested that the admission of any alleged prior non-felony OVI convictions be withheld from the trial until the jury has reached a verdict as to Count one and then may be admitted at a bifurcated portion of the trial. As a basis for his motion, Smith argued that Count two could not be committed without Count one also being committed and that he could only be sentenced once.
 {¶ 6} The trial court conducted a hearing on Smith's motions on December 12, 2006. On December 28, 2006 the trial court issued a Judgment Entry finding Smith's motion to be well taken and ordering "that the prosecuting attorney elect to proceed under either Count one or Count two of the indictment and that the other Count shall be dismissed."
 {¶ 7} The State now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT RULED THAT THE STATE MUST ELECT TO PROCEED UNDER EITHER COUNT I OR COUNT II OF THE INDICTMENT.
 {¶ 8} In its sole assignment of error, the State argues that the trial court erred in requiring the State to elect between the two counts of the indictment and should have allowed the State to proceed to trial on both counts. *Page 5 
 {¶ 9} However, before reaching the merits of the State's assignment of error, we must first determine whether jurisdiction exists to hear this appeal.
 {¶ 10} Article IV, Section 3(B)(2), of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. Ohio Revised Code section 2505.02(B) enumerates orders that are final and, therefore, appealable. An order that leaves issues unresolved and contemplates further action is not a final appealable order. State exrel. Keither v. McMonagle (2004), 103 Ohio St.3d 430, 432,816 N.E.2d 597 citing Bell v. Horton (2001), 142 Ohio App.3d 694, 756 N.E.2d 1241. Moreover, the issue of whether an order is final and appealable is a jurisdictional question which an appellate court may raise sua sponte.Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87,541 N.E.2d 64.
 {¶ 11} In this case, the trial court's December 28, 2006 Judgment Entry provides, in relevant part, as follows:
 . . . [t]his cause came on for hearing on Defendant's Motion to Dismiss; Motion to Bifurcate filed by Defendant on November 14, 2006.
 * * *
 Based upon the foregoing, the Court now finds that Defendant's Motion is well taken. It is therefore, ORDERED, ADJUDGED and DECREED that the prosecuting attorney elect to proceed under either Count 1 or Count 2 of the indictment and that the other Count shall be dismissed.
 {¶ 12} We find that the trial court's entry does not actually dismiss one of the counts of the indictment. Instead, the trial court required that the State choose *Page 6 
which count it would proceed under. Not until the State chooses which count to proceed under will the court dismiss the other count. There is no indication in the record that the State ever made the election required in the order — or that the trial court actually dismissed a particular charge.
 {¶ 13} Therefore, because it leaves issues unresolved and contemplates further action, we must conclude that the trial court's December 28, 2006 Judgment Entry is not a final appealable order.[4]
 {¶ 14} For the foregoing reasons, this court lacks jurisdiction to consider the merits of the State's assignment of error at this time and we must dismiss the State's appeal.
Appeal dismissed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] Although the State and Smith both state that Smith was re-indicted on October 6, 2006, having been indicted twice before, the record before us does not contain Smith's prior cases or the previous two indictments.
[2] "[t]o wit: Defiance County Common Pleas Court, Case No. 98-CR-07406, 1/25/99; Defiance Municipal Court, Case No. TR88-2844, 05/18/88; Defiance Municipal Court, Case No. TRC 9305279A, 11/23/93; Defiance Municipal Court, Case No. TR95-2547A, 06/05/95; Defiance Municipal Court, Case No. TRC95 4666 A, 03/18/96.
[3] See October 23, 2006 Judgment Entry. Although we note that the trial court ordered that the Motion to Suppress filed by Smith in case no. 05-CR-09366, the evidence presented at the May 24, 2006 hearing, and the trial court's findings on that date were to be adopted into the present case, we note that the record before us does not contain the file for case no. 05-CR-09366.
[4] Although these issues are not presently before us, we note in passing that counts one and two of the indictment in the present case may not be allied offenses of similar import. See State v. Rance (1999),85 Ohio St.3d 632, 710 N.E.2d 664; State v. Cooper (2004),104 Ohio St.3d 293, 819 N.E.2d 657. However, even assuming they are, it is not clear from the record why the trial court apparently chose to disregard well-established case law that would not require the State to elect among allied offenses until after trial at the sentencing absent some other demonstration of prejudice. See State v. Ryan (1984),17 Ohio App.3d, 150, 478 N.E.2d 257, State v. Osborne (1976), 49 Ohio St.2d 135,359 N.E.2d 78. *Page 1