OPINION
{¶ 1} Defendant-Appellant, William L. Hayes, appeals the judgment of the Crawford County Court of Common Pleas finding that Plaintiff-Appellees, Robert D. Spaide and Anna M. Spaide (hereinafter referred to as "the Spaides"), possessed a prescriptive easement over his property, enjoining him from obstructing the Spaides' right of way, and ordering him to remove a fence that obstructed the Spaides' right of way. On appeal, Hayes argues that the Spaides failed to prove by clear and convincing evidence that their use of his property was adverse and under a claim of right; that the trial court erred in denying his motion for directed verdict[1] because the evidence established that the Spaides' use was permissive; and, that the trial court erred in failing to direct what portion and extent of his property was subject to the easement. Finding that the trial court's judgment entry left issues unresolved, we dismiss Hayes' appeal for lack of a final appealable order.
 {¶ 2} This case arises from a dispute between neighbors, Hayes and the Spaides, over use of a driveway located partially on Hayes' property and partially on the Spaides' property. Hayes' property is located at 1406 Woodlawn, inlot number 3779, Bucyrus, and the Spaides' property is located at 1410 Woodlawn, inlot number 3780, Bucyrus. In *Page 3 
2003, Hayes erected a fence on his side of the driveway, splitting it into two separate drives.
 {¶ 3} In June 2005, the Spaides filed a complaint against Hayes alleging that they possessed a prescriptive easement over a portion of Hayes' property; that Hayes had wrongfully obstructed their right of way by erecting a fence; and, that they suffered damages as a result.
 {¶ 4} In July 2005, Hayes filed an answer disputing the Spaides' assertions. Additionally, Hayes filed a counterclaim against the Spaides alleging that they had trespassed on his property causing damages; that he had been forced to have his property surveyed and to erect a fence due to the Spaides' actions, causing him damages in excess of $1,500; and, that he had been forced to incur legal expenses as a result of the Spaides' trespass.
 {¶ 5} In August 2005, the Spaides filed an answer to Hayes' counterclaim, asserting that his counterclaim should be dismissed for failure to state a claim upon which relief could be granted.
 {¶ 6} In June 2006, both parties participated in mediation whereby they reached agreement on several of the issues.
 {¶ 7} In January 2007, the case proceeded to bench trial on the remaining issues, whereat the following testimony was heard and facts adduced. *Page 4 
 {¶ 8} Robert testified that he has lived at 1410 Woodlawn since 1998; that, when he uses the driveway, his vehicle is a "couple of inches" on Hayes' property, but mostly on his own property; that most times when he uses the driveway he is on his own side of the driveway; and, that, since the fence was erected, he cannot open the doors on his vehicle at the narrowest part of the driveway. Likewise, Anna testified that, when she used the driveway, her car was approximately three inches on Hayes' portion of the driveway.
 {¶ 9} Hayes testified that he has lived at 1406 Woodlawn since he purchased the property in 1985; that three quarters of the driveway is on his property and one quarter is on the Spaides' property; and, that he did not recall anyone ever stopping in and blocking the narrowest part of the driveway prior to the Spaides moving into the house.
 {¶ 10} Thereafter, the trial court found in the Spaides' favor and dismissed Hayes' counterclaim, stating, in pertinent part:
 The driveway has been shared since its creation. * * *
 All owners, previous and current have used the disputed property as a shared driveway since 1946. [The Spaides] have used the disputed property as a driveway since buying the property from his father's estate in 1998. When Richard C. Spaide owned Bucyrus Inlot Number 3780, he used the disputed property as a shared driveway since 1959. The Mollenkopf's [sic] used the disputed property as a shared driveway since 1946.
 [Hayes] claims no prescriptive easement exists and that [the Spaides] have committed trespass. A claim of prescriptive easement may be defeated by proof that the claimants [sic] use was "permissive" and therefore not adverse to the landowner. However, the person claiming such easement does not have the burden of proving that the *Page 5 use of the easement was without the property owner's permission. Rather, the burden is on the landowner whose parcel is being used to establish that the usage was permissive. If successful, the claim of prescriptive easement may be defeated. Pence v. Darst supra, citing Pavey v. Vance (1897), 56 Ohio St. 162, [sic] N.E. 898.
 In this case, the Court finds that [Hayes] has failed to establish that the usage of his land was permissive.
 Therefore, based upon the law and findings set forth above it is hereby ORDERED, ADJUDGED and DECREED that injunction is granted in favor of [the Spaides] and against [Hayes] restraining him from closing, obstructing, stopping up, or injuring, and from continuing to close, stop up, or injure the right of way of [the Spaides] over the premises of [Hayes], and from in any manner interfering with or preventing or attempting to prevent [the Spaides], their family, agents, servants or assignees from passing over or using said right of way and further to remove the fence which obstructs [the Spaides'] right of way.
(Feb. 2007 Judgment Entry, p. 3-4).
 {¶ 11} It is from this judgment that Hayes appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I AS A MATTER OF LAW THE PROPONENT OF A PRESCRIPTIVE EASEMENT MUST EASTBLISH [SIC] BY CLEAR AND CONVINCING EVIDENCE THAT THE ". . . USE WAS ADVERSE TO THE REAL OWNER, AND UNDER A CLAIM OF RIGHT." PAVEY V. VANCE (1987) 56 OHIO ST. 162.
 Assignment of Error No. II THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR A DIRECTED VERDICT WHERE THE PLAINTIFF ADMITTED THAT THE USE WAS PERMISSIVE AND THE EVIDENCE ESTABLISHED THAT PLAINTIFFS' PREDECESSOR'S USE WAS BY "COMMON COURTESY." *Page 6 
 Assignment of Error No. III THE COURT ERRED IN ITS REMEDY IN THAT IT FAILED TO DIRECT WHAT PORTION AND EXTENT THE DEFENDANT'S PROPERTY IS SUBJECT TO THE EASEMENT.
 {¶ 12} Before addressing the merits of Appellant's assignments of error, we must first determine whether jurisdiction exists to hear this appeal.
 {¶ 13} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88;Centex Home Equity Co., L.L.C. v. Williams, 3d Dist. No. 6-06-07,2007-Ohio-902, ¶ 12. "`A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" State ex rel. Keith v. McMonagle, 103 Ohio St.3d 430,2004-Ohio-5580, ¶ 4, quoting Bell v. Horton, 142 Ohio App.3d 694, 696,2001-Ohio-2593. Further, "`For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for determination of the court.'" State ex rel. Bd. ofState Teachers Retirement Sys. of Ohio v. Davis, 113 Ohio St.3d 410,2007-Ohio-2205, ¶ 45, quoting State ex. rel. Downs v. Panioto,107 Ohio St.3d 347, 2006-Ohio-8, ¶ 20. *Page 7 
 {¶ 14} Additionally, the issue of whether a judgment is a final appealable order is a jurisdictional question, which an appellate court may raise sua sponte. Chef Italiano Corp., 44 Ohio St.3d at 87.
 {¶ 15} In the case sub judice, the trial court's judgment entry stated that:
 [I]njunction is granted in favor of [the Spaides] and against [Hayes] restraining him from closing, obstructing, stopping up, or injuring, and from continuing to close, stop up, or injure the right of way of [the Spaides] over the premises of [Hayes], and from in any manner interfering with or preventing or attempting to prevent [the Spaides], their family, agents, servants or assignees from passing over or using said right of way and further to remove the fence which obstructs [the Spaides'] right of way.
(Feb. 2007 Judgment Entry, p. 3-4). However, the trial court did not determine the location, dimensions, and extent of use of the "right of way," nor did it state how far back from the "right of way" Hayes is required to move his fence or if he must remove it entirely. When a trial court finds that an easement has been established, the location of the easement, dimensions, and extent of use should be clearly described. See Merry v. Clark, 5th Dist. No. CT2002-0004, 2002-Ohio-4204;Rueckel v. Texas Eastern Transmission Corp. (1981), 3 Ohio App.3d 153,159[2] . Here, because the judgment entry was ambiguous as to these issues, the trial court did not dispose of the whole merits of the cause, leaving issues unresolved. Consequently, we find that the trial court's judgment entry was not a final appealable order. *Page 8 
 {¶ 16} Accordingly, we must dismiss Hayes' appeal for lack of jurisdiction.
Appeal dismissed.
 WILLAMOWSKI, J., concurs. SHAW, J., concurs in judgment only.
[1] We note that Hayes moved for a "directed verdict" at trial, the trial court ruled on the motion for "directed verdict" at trial, and Hayes refers to a motion for "directed verdict" in his brief. However, this is the appropriate motion for a jury trial, not a bench trial. As this proceeding was a bench trial, the appropriate motion would have been for involuntary dismissal. Nevertheless, we find this error to be harmless. See Wallbrown v. Kent State Univ. (2001),143 Ohio App.3d 762.
[2] We note that, in these cases, the Fifth Appellate District affirmed the trial court's finding that an easement existed and remanded to the trial court for clarification of the easement location, dimensions, and extent. However, we believe the trial court's failure to define the easement prevented its orders from becoming final and appealable. *Page 1