[Cite as *State v. Savage*, 2012-Ohio-2276.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                          :

      Plaintiff-Appellee.              :          Case No: 11CA7

      v.                              :

                                      :          <u>DECISION AND</u>
JUSTIN SAVAGE,                          :          <u>JUDGMENT ENTRY</u>

      Defendant-Appellant.            :          Filed:  May 18, 2012

---

<u>APPEARANCES:</u>

Timothy Young, State Public Defender, and Melissa M. Prendergast, Assistant State Public Defender, Columbus, Ohio, for Appellant.

Colleen S. Williams, Meigs County Prosecutor, and Amanda Bizub-Franzmann, Meigs County Assistant Prosecutor, Pomeroy, Ohio, for Appellee.

---

Kline, J.:

{¶1} Justin Savage (hereinafter "Savage") appeals the judgment of the Meigs County Court of Common Pleas, which convicted Savage of theft and ordered him to pay $25,000 in restitution.  On appeal, Savage raises various arguments about the restitution order and his trial counsel.  But we will not address the various arguments raised by Savage.  Instead, for the following reasons, we find that no final appealable order exists.  First, the trial court's sentencing entry contemplates that further action must be taken.  And second, we cannot create jurisdiction by combining the trial court's multiple entries.  Accordingly, we dismiss Savage's appeal for lack of jurisdiction.

I.

{¶2} As part of a plea agreement, Savage pled guilty to fifth-degree-felony theft. The trial court sentenced Savage to five years of community control and ordered him "to pay, jointly and severally with any co-defendants, including any juvenile co-defendants, to the Clerk of Courts the sum of twenty-five thousand dollars ($25,000.00) as and for restitution to the victim[.]" July 21, 2010 SENTENCING ENTRY at 2. In addition to the standard terms of community control, the trial court imposed several special conditions. For example, the trial court ordered Savage "to enter into and successfully complete the SEPTA program at the SEPTA Correctional Facility in Nelsonville." *Id.*

{¶3} Savage appeals and asserts the following three assignments of error: I. "A contract may not be enforced if the consideration given for it is illegal. Mr. Savage's plea agreement was induced upon illegal consideration and as such, is unenforceable and invalid." II. "Mr. Savage was ordered to pay restitution to the victim in an amount that exceeded both the actual economic loss suffered by the victim and the limit of restitution that could be imposed for a fifth-degree felony theft offense. The court's order imposing restitution was erroneous because the amount arrived at was not based upon credible evidence that established the value of the victim's actual economic loss to a reasonable degree of certainty." And, III. "Mr. Savage's trial counsel rendered constitutionally ineffective assistance when counsel advised Mr. Savage to accept the State's plea offer, which required him to agree to be sentenced to more than what was statutorily allowed for a fifth-degree felony theft offense, and when counsel knew that Mr. Savage was indigent but did not object to the imposition of court costs."

II.

{**¶4**} Before we may consider the merits of Savage's appeal, we must determine whether a final appealable order exists.  "A court of appeals has no jurisdiction over orders that are not final and appealable."  *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 6, citing Ohio Constitution, Article IV, Section 3(B)(2); *see also* R.C. 2505.02.  "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal."  *State v. Darget*, 4th Dist. No. 09CA3306, 2010-Ohio-3541, ¶ 4, citing *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11.  "If the parties do not raise the jurisdictional issue, we must raise it sua sponte."  *Darget* at ¶ 4, citing *Sexton v. Conley*, 4th Dist. No. 99CA2655, 2000 WL 1137463, *2 (Aug. 7, 2000); *Whitaker-Merrell v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{**¶5**} "'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'"  *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 20, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (4th Dist.2001).  And here, the July 21, 2010 SENTENCING ENTRY states the following: "It is further **ORDERED** that execution of the Order of commitment to the SEPTA Correctional Facility in Nelsonville is stayed until August 23, 2010 to permit the Defendant to obtain full-time employment.  This sentencing hearing shall be in recess until August 16, 2010 at 11:15 AM at which time the Court will review the Defendant's employment status to determine if the Defendant should be confined at the SEPTA Correctional Facility in Nelsonville."  Therefore, the July 21, 2010 SENTENCING ENTRY clearly contemplates that further action must be taken on the issue of Savage's SEPTA commitment.

**{¶6}** The trial court's September 9, 2010 ENTRY STAYING SEPTA COMMITMENT addresses the issue left unresolved by the July 21, 2010 SENTENCING ENTRY.  In the September 9, 2010 entry, the trial court stated the following:  "Upon[] due consideration, the Court finds that the Defendant has obtained employment, and therefore the commitment to SEPTA Correctional Facility is stayed until further Order of this Court.  All other terms and conditions of community control, as contained in the Sentencing Entry remain as Ordered."  We cannot, however, create a final appealable order by combining the July 21, 2010 entry and the September 9, 2010 entry.  For crimes that are not capital offenses, the Supreme Court of Ohio has held that "[o]nly one document can constitute a final appealable order."  *Baker* at ¶ 17.  *See generally State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 17-18 (distinguishing *Baker* and finding that "in aggravated-murder cases subject to R.C. 2929.03(F), the final, appealable order consists of the combination of the judgment entry and the sentencing opinion").  Therefore, we cannot combine the trial court's multiple entries in an effort to create jurisdiction.

**{¶7}** In conclusion, we find that no final appealable order exists in the present case.  As a result, we must dismiss Savage's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.:  Concurs in Judgment and Opinion.
Harsha, J.:      Dissents.


For the Court


BY:_____
        Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**