[Cite as *In re Guardianship of Lewis*, 2013-Ohio-3502.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: GUARDIANSHIP OF EDITH :     APPEAL NO. C-120837
LEWIS.                             TRIAL NO. 2010005238

                           :         *O P I N I O N.*

Civil Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: August 14, 2013

*Evelyn Jones*, pro se.

*Dinsmore & Shohl LLP,* and *William A. Sherman, II,* for Appellee Tonjia Phillips.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    In this guardianship matter, this court lacks jurisdiction to consider the merits of the appeal filed by appellant Evelyn Jones.  Since matters relating to Jones's disposition of certain assets of ward Edith Lewis remained to be determined, the entry from which Jones appeals is not a final, appealable order.

### The Case Below

{¶2}    Appellee Tonjia Phillips was appointed guardian of the estate and person of Lewis.  Jones, Lewis's daughter, had previously sought that appointment.  At a hearing subsequent to Phillips's appointment, the trial court ordered, among other things, that Jones provide documentation for certain transactions that she had conducted on Lewis's behalf.  As a result of the documentation provided, the trial court ordered Jones to repay $30,452.09 and to return the title of a 2006 Cadillac automobile to the guardianship.  It further noted that a future hearing would be held to determine whether Jones owed additional money, and whether the transfer of a boat and other personal property from Lewis to Jones was appropriate.

{¶3}    In two assignments of error, Jones has appealed the decision of the trial court.

### When Matters Remain To Be Determined, There Is No Final, Appealable Order

{¶4}    The scope of our appellate jurisdiction is limited.  Ohio Constitution, Article IV, Section 3(B)(2).  An appellate court lacks jurisdiction over an order that is not final.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).  A final order is "one disposing of the whole case or some separate and distinct branch thereof."  *Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381

(1989). Conversely, "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 2001-Ohio-2593, 756 N.E.2d 1241 (4th Dist.).

{¶5}    In the instant case, the judgment is not final on its face. The trial court expressly stated that a further hearing was required to conclude this matter. The judgment is not a final order because it contemplates further action. And since the trial court made no certification pursuant to Civ.R. 54(B), this court lacks jurisdiction to hear the matter. We dismiss the appeal.

Appeal dismissed.


**CUNNINGHAM, P.J.**, and **DeWINE, J.**, concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.