[Cite as *Bruggeman v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-926.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher R. Bruggeman, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-178 |
| v. | : | (Ct. of Cl. No. 2019-01101JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 23, 2021

**On brief:** *Christopher R. Bruggeman,* pro se.

**On brief:** *Dave Yost*, Attorney General, and *Michelle L. Brizes*, for appellee.

APPEAL from the Court of Claims of Ohio

MENTEL, J.

{¶ 1} Plaintiff-appellant, Christopher R. Bruggeman, appeals from a judgment of the Court of Claims of Ohio granting the motion to dismiss of defendant-appellee, Ohio Department of Rehabilitation and Correction. For the following reasons, we dismiss the appeal due to lack of a final appealable order.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is a disabled inmate currently incarcerated at Pickaway Correctional Institution ("PCI"). Appellant states that he is confined to a wheelchair due to paralysis of his right leg and right arm amputation without a prosthetic. In 2015, appellant was provided a black backpack to transport hygiene items when using the restroom and

shower. On or about October 2, 2018, appellant was taken by ambulance to the emergency room at Ohio State University Hospital for treatment. While appellant was admitted for treatment, his backpack was secured in the Frazier Health Center at PCI. According to appellant, his backpack was stolen as a result of prison officials failing to safely secure the backpack.[1] Appellant alleges appellee has refused to provide a new black backpack because current security policy requires backpacks to be transparent.

{¶ 3} On November 18, 2019, appellant filed a complaint in the Court of Claims of Ohio alleging causes of action for negligence (Count 1) and a violation of the Americans with Disabilities Act ("ADA") (Count 2) against appellee. On December 18, 2019, appellee filed a partial motion to dismiss pursuant to Civ.R. 12(B)(6) and motion to transfer the case to the administrative docket. Appellant filed a memorandum in opposition on January 9, 2020.

{¶ 4} On February 26, 2020, the trial court granted appellee's partial motion to dismiss and transferred appellant's remaining negligence claim to the administrative docket as the property value for the allegedly stolen items was below the $10,000 threshold pursuant to R.C. 2743.10. Regarding appellant's ADA claim, the trial court concluded that appellant's allegations do not implicate the ADA reasoning that appellant's backpack was not replaced based on internal policies not because of his disability. "Thus, even when the facts are construed in plaintiff's favor, plaintiff does not allege that he was 'denied the opportunity to participate in or benefit from the defendant's services' by reason of his disability." (February 26, 2020 Entry at 3.)

{¶ 5} Appellant filed a timely appeal on March 18, 2020.

---

[1] Appellant alleges his personal property was stolen from the backpack namely: a Sony radio, Sony headphones, beard trimmers, tweezers, prescription glasses, and other hygiene products.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

> A CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) WAS STATED WHEN PRISON OFFICALS REFUSED TO REPLACE STOLEN WHEELCHAIR BACKPACK THEY ISSUED TO ACCOMMODATE DISABILITY WHEN THEFT WAS RESULT OF THEIR NEGLIGENCE.

## III. LEGAL ANALYSIS

{¶ 7} As a threshold matter, this court must first determine whether the order from which appellant seeks to appeal is a final, appealable order.

{¶ 8} Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), a reviewing court is conferred jurisdiction to review final appealable orders from lower courts of their districts. Final appealable orders are those that " 'dispos[e] of the whole case or some separate and distinct branch thereof.' " *McCracken v. Lee*, 10th Dist. No. 19AP-236, 2020-Ohio-3125, ¶ 10, quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. No. 18AP-843, 2019-Ohio-3557, ¶ 10. R.C. 2505.02(B) defines a final order as:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 9} Civ.R. 54(B) requires that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." When the trial court's order adjudicates less than all of the claims or rights of all the parties, and it does not meet the requirements of R.C. 2505.02 and Civ.R.54(B), it is not a final, appealable order. *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. No. 13AP-843, 2014-Ohio-2421, ¶ 11; *see also McCracken* at ¶ 10, citing *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, citing *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001) (concluding that when a trial court leaves issues unresolved for further action the order is not a final, appealable order). If a lower court's order is not final and appealable, then a reviewing court does not have jurisdiction to consider the case and it must be dismissed. *State v. Harvey*, 10th Dist. No. 19AP-165, 2019-Ohio-4022, ¶ 8, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶ 10} In the present case, the trial court's February 26, 2020 order does not meet the requirements of R.C. 2505.02. While the February 26, 2020 order dismissed appellant's cause of action under the ADA, the negligence claim was transferred to the administrative docket and remains pending at this time. Moreover, the trial court's entry does not contain language, pursuant to Civ.R. 54(B), that "there is no reason for delay" of the appeal.

Because the trial court's February 26, 2020 order granting partial dismissal of appellant's case was not a final, appealable order, we lack jurisdiction to review appellant's sole assignment of error.[2]

{¶ 11} Based on the foregoing, we find the order from which appellant seeks to appeal is not a final, appealable order. Therefore, we must dismiss this appeal for lack of jurisdiction.

## IV.  CONCLUSION

{¶ 12}  Having concluded this court lacks jurisdiction in this case as it is not a final, appealable order, we dismiss the appeal.

*Appeal dismissed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____

---

[2] Curiously, appellant's sole assignment of error could have been resolved by providing appellant with a backpack, clear or otherwise, prior to the onset of litigation.