[Cite as *McCown v. Neibert*, 2025-Ohio-32.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jannie McCown, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-185 |
| v. | : | (M.C. No. 2023 CVG 046484) |
| Donald Neibert et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on January 7, 2025

**On brief:** *Gleason Law Office LLC*, and *John A. Gleason*, for appellants. **Argued:** *John A. Gleason*.

**On brief:** *Eric E. Willison*, for appellee.

APPEAL from the Franklin County Municipal Court

BOGGS, J.

{¶ 1} Defendants-appellants, Donald Neibert and Michelle Neibert ("the Neiberts"), appeal the judgment entry of the Franklin County Municipal Court denying their Civ.R. 60(B) motion for relief from judgment, motion to stay execution and request for hearing.

I. PROCEDURAL HISTORY AND FACTS

{¶ 2} In an affidavit to the trial court, Michelle Neibert averred that she and her mother, plaintiff-appellee Jannie McCown ("McCown"), purchased the property at 961 Clarendon Avenue, Columbus, Ohio 43223 ("the Property") in 2019. Michelle stated that she and McCown lived at the Property after purchasing it and that Michelle's husband, Donald Neibert, moved into the Property with them in 2021. Michelle alleged that there was no lease, either written or oral, but rather the Neiberts maintained the Property and paid most expenses.

{¶ 3}    On December 12, 2023, McCown filed an action for forcible entry and detainer against the Neiberts.  In her complaint, McCown alleged that she was the owner of the Property.  McCown alleged that the Neiberts had entered into a month-to-month oral lease agreement for the Property for $314.55 a month.  She further alleged that the Neiberts had failed to pay rent in July, August, September, October, and November of 2023.  McCown requested a writ of restitution so that she may return to possessing the Property.

{¶ 4}    On January 3, 2024, the Franklin County Municipal Court held an eviction hearing wherein the parties entered into a settlement agreement. The settlement agreement, adopted by the court in an agreed judgment entry, stated that the parties agreed that the Neiberts would vacate the Property no later than 11:59 p.m. on February 5, 2023.  The settlement agreement further stated that if the Neiberts vacated the Property within that time, McCown would dismiss the eviction action.  If the Neiberts did not vacate, the settlement agreement provided that McCown would be entitled to a writ of restitution and immediate set out.

{¶ 5}    On February 5, 2024, the Neiberts filed a motion for relief from judgment, motion to stay execution and request for hearing.  The Neiberts argued that:

> [T]he Neiberts were not represented by counsel and had no reason to believe Mrs. Neibert was not an owner of the Property.  Second, it was not until the day of the eviction hearing that the Neiberts learned the County records showed the Property had allegedly been transferred without Mrs. Neibert's knowledge.  Finally, justice requires that the Neiberts be given an opportunity to present the new evidence in this case.

(Feb. 5, 2024 Mot. for Relief from Jgmt. at 5.)

{¶ 6}    On February 16, 2024, the trial court denied the Neiberts' motion, finding that the voluntary settlement agreement was a binding contract that would be enforced by the court and that no judgment had been entered in the case and therefore the Neiberts' motion was not ripe.  The trial court further stated that the Neiberts, as movants, did not demonstrate that they have a meritorious defense.  Specifically, the court found that the Neiberts did not show that they signed the settlement agreement under duress or coercion by McCown, that the recorded title to the Property establishes a right by McCown to present possession, and that invalidity of a title is not a defense in a possession proceeding.

{¶ 7}    The Neiberts now appeal the trial court's denial of their motion.

## II. ASSIGNMENTS OF ERROR

{¶ 8}  The Neiberts argue the following assignments of error:

(1) The trial court erred in holding that the agreed judgment entry in the within case was not a judgment from which the Neiberts could seek relief pursuant to Civil Rule 60(B).

(2) The trial court erred in denying appellants' motion for relief from judgment because appellants have meritorious defenses.

(Capitalization omitted.)

## III.  LEGAL ANALYSIS

{¶ 9}  Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of trial courts.  Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971).  A trial court order is a final, appealable order only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Kellie Auto Sales, Inc. v. Hernandez*, 10th Dist. No. 19AP-462, 2020-Ohio-1516, ¶ 13.  Pursuant to R.C. 2505.02(B)(1), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." If a trial court order leaves issues unresolved and contemplates further action then the order is not a final, appealable order.  *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, citing *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶ 10}  Generally, a decision denying a Civ.R. 60(B) motion for relief from judgment is a final, appealable order.  *Smith v. Williams*, 10th Dist. No. 09AP-732, 2010-Ohio-1381, ¶ 29.  However, a Civ.R. 60(B) motion is proper only with respect to final judgments.  In other words, the order to which the Civ.R. 60(B) is directed must itself be a final, appealable order, and if it is not, then the judgment denying the Civ.R. 60(B) motion is not final. *Straquadine v. Crowne Pointe Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 11, quoting *Safe Auto Ins. Co. v. Perry*, 10th Dist. No. 00AP-722, 2001 Ohio App. LEXIS 195, *1 (Jan. 25, 2001), quoting *Wolf v. Associated Materials*, 5th Dist. No. 00C0A01350, 2000 Ohio App. LEXIS 4023, *2 (Aug. 15, 2000) (" ' "However, this rule presumes that the underlying order under challenge by a movant's Civ.R. 60(B) motion is, itself, a final appealable order." ' ").

{¶ 11} In *Ettayem v. State Auto Ins. Cos.,* 10th Dist. No. 17AP-377, 2017-Ohio-8464, this court stated: "[a]n order enforcing a settlement agreement contemplates further action if it requires the parties to perform additional actions in furtherance of the settlement and termination of the underlying action." *Id.* at ¶ 8, citing *Renner, Otto, Boisselle & Sklar, L.L.P. v. Estate of Siegel*, 8th Dist. No. 101861, 2015-Ohio-1839, ¶ 16-17. In *Ettayem*, the plaintiff appealed from a trial court judgment that enforced an alleged settlement agreement. This court determined the order appealed from—the order enforcing the alleged settlement agreement—was not a final, appealable order, because both the order and the settlement agreement contemplated further action by the parties in furtherance of the settlement, and because the trial court did not dismiss the action, but only contemplated issuing a dismissal after the parties completed their court ordered obligations and informed the trial court of their compliance. *Ettayem* at ¶ 10. This court dismissed the appeal for lack of a final, appealable order.

{¶ 12} We find the situation in *Ettayem* similar to the circumstances here. The settlement agreement executed by the Neiberts was provisional and contemplated further action by the parties, namely that the Neiberts would vacate the Property and then McCown would dismiss the action. However, if the Neiberts did not vacate the Property, then McCown would be entitled to a writ of restitution and immediate set out. The trial court's adoption of the settlement agreement was therefore not a final appealable order from which Civ.R. 60(B) could afford relief. The trial court correctly found that, because no final judgment had been granted in this case, the Neiberts' motion for relief from judgment was not ripe.

{¶ 13} The judgment denying the Neiberts' Civ.R. 60(B) motion was not a final, appealable order, as the judgment to which it was addressed—the trial court's agreed judgment entry adopting the parties' settlement agreement—was not a final, appealable order. Accordingly, this court lacks jurisdiction, and the appeal must be dismissed.

## IV. CONCLUSION

{¶ 14} For the reasons herein, we dismiss this appeal for lack of a final, appealable order.

*Appeal dismissed.*

BEATTY BLUNT, and MENTEL, JJ., concur.

———————————